IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEMETRIUS BOATWRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 121-038 |
| | ) |
| ANDREW M. SAUL, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 1, 2021, the Court granted Plaintiff's IFP motion and directed him to submit an amended complaint because the original complaint failed to: (1) state the date he received notice of the Commissioner's final decision and attach a copy of said notice and the Commissioner's final decision; (2) indicate when he previously applied for benefits with the Social Security Administration or for what type of benefits he applied; (3) provide any statement in § III of the Complaint that would provide any reason for overturning the Commissioner's decision; and (4) attach a copy of the final administrative decision and identify any alleged errors with the administrative decision. (Doc. no. 3.) The Court cautioned Plaintiff that failing to submit an amended complaint may result in a recommendation for dismissal of this action. (Id. at 2.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's March 1, 2021 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the March 1st Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond may result in a recommendation for dismissal. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

While the Court is recommending dismissal without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice.  This is because a claimant must commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  This sixty-day deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling."  Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986)).  Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations.  Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (*per curiam*) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004)).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).